# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MEDITERRANEAN SHIPPING CO. (USA) INC. and MEDITERRANEAN SHIPPING CO. S.A.,

        Plaintiff(s),

-against-

PATRICK ROSE and DOCK SIDE TRANSPORTATION,

        Defendant(s).

**SUMMONS IN A CIVIL ACTION**

08 CIV 4304

**Case No. 08 CIV**

**TO**: (name and address of defendants)

PATRICK ROSE
627 Anderson Avenue
Wood Ridge, NJ 07075

DOCK SIDE TRANSPORTATION
627 Anderson Avenue
Wood Ridge, NJ 07075

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MAHONEY & KEANE, LLP
11 Hanover Square, Tenth Floor
New York, NY 10005
(212) 385-1422

an answer to the complaint which is served on you with this summons, within **twenty (20)** days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

MAY 0 7 2008

CLERK _____

DEPUTY CLERK

DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDITERRANEAN SHIPPING CO.
(USA) INC. and MEDITERRANEAN
SHIPPING CO. S.A.,

        Plaintiff(s),

-against-

PATRICK ROSE and DOCK SIDE
TRANSPORTATION,

        Defendant(s).

08-cv-_____

COMPLAINT



PLEASE TAKE NOTICE that Plaintiff(s), MEDITERRANEAN SHIPPING CO. (USA) INC. and MEDITERRANEAN SHIPPING CO. S.A., (collectively "MSC"), by their attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendant(s), PATRICK ROSE ("ROSE") and DOCK SIDE TRANSPORTATION ("DOCK SIDE"), allege, upon information and belief, as follows:

1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's pendent, supplementary and ancillary jurisdiction.

2.    Plaintiff MEDITERRANEAN SHIPPING CO. (USA) INC. is a legal entity duly organized and existing pursuant to the laws of the State of New York.

3.    Plaintiff MEDITERRANEAN SHIPPING CO. S.A. is a legal entity duly organized and existing pursuant to the laws of a foreign country.

4.    Defendant DOCK SIDE TRANSPORTATION is a business entity organized and existing pursuant to the laws of the United States with offices and a place of business located at 627 Anderson Avenue, Wood Ridge, NJ 07075.

- 2 -

5. Defendant PATRICK ROSE is a natural person conducting business through Defendant DOCK SIDE.

6. Upon information and belief, Defendant DOCK SIDE is an entity wholly or partly owned by Defendant ROSE.

7. Upon information and belief, Defendant ROSE uses Defendant DOCK SIDE as a conduit to pay its debts and obligations and is otherwise an alter ego of Defendant ROSE, and vice versa.

8. Upon information and belief, DOCK SIDE is a shell corporation through which Defendant ROSE conducts business, and vice versa.

9. Upon information and belief, DOCK SIDE has no separate, independent identity from Defendant ROSE, and vice versa.

10. Upon information and belief, Defendant DOCK SIDE is the alter ego of Defendant ROSE because ROSE dominates and disregards DOCK SIDE's corporate form to the extent that ROSE is actually carrying on the business and operations of DOCK SIDE, as if they were his own, or vice versa.

11. Upon information and belief, ROSE acts as a paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant DOCK SIDE and/or receives payments being made to Defendant DOCK SIDE, or vice versa.

12. Upon information and belief, Defendants are affiliated to such extent that Defendant ROSE is now or will soon be holding assets belonging to Defendant DOCK SIDE, or vice versa.

13. Upon information and belief Defendants are partners and/or joint venturers.

14. Upon information and belief Defendant ROSE is a successor in interest to DOCK SIDE, and therefore responsible for any and all debts incurred in the course of DOCK SIDE's

business, including such debt underlying this Complaint, or vice versa.

15. The United States District Court for the Southern District of New York is the proper venue for this action, as Plaintiff MSC resides and/or maintains a principal place of business in the Southern District of New York.

16. Plaintiffs sue on their own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS

17. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs "1" through "16" as if specifically set forth herein at length.

18. At all times relevant herein, Defendants were signatories to the Uniform Intermodal Interchange and Facilities Access Agreement (UIIA).

19. At all times relevant herein, Defendants entered into agreements, service contracts, and other accords, with Plaintiffs, for the use, carriage, storage, handling, care and/or maintenance of containers belonging to Plaintiffs.

20. Plaintiffs duly performed all duties and obligations required to be performed under the agreement.

21. Defendants wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject agreement(s) by, *inter alia*, failing to return said containers to Plaintiffs, as required by the subject agreements between the parties.

22. Defendants wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject agreement(s) by, *inter alia*, failing to pay demurrage, detention, port fees, tariffs and other associated costs.

23. As a result of Defendants' breach of the subject agreements and Plaintiffs have

incurred, and will continue to incur, costs and expenses for which Defendants are liable under the terms of the agreements and at law.

24. Plaintiffs have placed Defendants on notice of its claim that Defendants have breached the subject agreements and violated Plaintiffs' rights under the law.

25. Despite Plaintiffs' repeated demands, Defendants has failed to pay the Plaintiffs' damages due and owing under the agreements and at law.

26. By reason of the foregoing, Plaintiffs have sustained damages in the amount of $19,700.00 together with interest, costs, fees, and expenses.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS

27. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs "1" through "26" as if specifically set forth herein at length.

28. Defendants have an account stated with the Plaintiffs.

29. By reason of the foregoing, Plaintiffs have sustained damages in the amount of $19,700.00, together with interest, costs, fees, and expenses.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS

30. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs "1" through "29" as if specifically set forth herein at length.

31. Plaintiffs are due from Defendants the quantum meruit of Plaintiffs' services.

WHEREFORE, Plaintiffs pray:

(A). that judgment be entered in favor of Plaintiffs for an amount exceeding **nineteen thousand seven hundred dollars** $19,700.00, plus interest, fees, including attorneys' fees, costs, and disbursements;

(B). that Court process be issued against the Defendants; and

(C). that Plaintiffs be granted such other and further relief as the Court may deem just and proper.

Dated: New York, New York

May 0, 2008

        MAHONEY & KEANE, LLP
        Attorneys for Plaintiffs
        MEDITERRANEAN SHIPPING CO. (USA) INC.
        and MEDITERRANEAN SHIPPING CO. S.A.

By: _____
        Jorge A. Rodriguez
        11 Hanover Square, Tenth Floor
        New York, New York 10005
        Tel (212) 385-1422
        Fax (212) 385-1605
        Our File No. 12/3578/B/08/4