UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDITERRANEAN SHIPPING CO.
(USA) INC. and MEDITERRANEAN
SHIPPING CO. S.A.,

                Plaintiff(s),

      -against-

PATRICK ROSE and DOCK SIDE
TRANSPORTATION,

                Defendant(s).

08-cv-04304-DLC

AFFIDAVIT OF DEFAULT

STATE OF NEW YORK    )
                      )   ss.:
COUNTY OF NEW YORK  )

JORGE A. RODRIGUEZ, being duly sworn, deposes and says:

1.    I am a member of the Bar of this Court and am associated with the firm of MAHONEY & KEANE, LLP, attorneys for Plaintiff in the above-entitled action and I am familiar with all the facts and circumstances in this action.

2.    I make this affidavit pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, in support of Plaintiff's application for the entry of a default judgment against Defendants PATRICK ROSE and DOCK SIDE TRANSPORTATION.

3.    Herewith attached are true copies of the following:

    (A).    Summons and Complaint;

    (B).    Affidavits of Service;

    (C).    Statement of damages;

    (D).    Supporting documentation;

    (E).    Clerk's certificate;

(F).    Non-military affidavit; and

(G).    Proposed order

4.    This is an action to recover $19,700.00 owed by Defendants to Plaintiff for unpaid detention charges. (Ex. A).

5.    Jurisdiction of the subject matter is based on 28 USC § 1333 and admiralty/maritime jurisdiction. (Id.).

6.    This action was commenced by Plaintiff on or about May 7, 2008 by the filing of the Summons and Complaint. (Id.).

7.    A copy of the Summons and Complaint was served on Defendant PATRICK ROSE on May 10, 2008 by personally delivering said Summons and Complaint on Mr. ROSE, at his place of business. (Ex. B). Proof of service by the Special Process Server was filed. (Id.).

8.    A copy of the Summons and Complaint was, likewise, served on Defendant DOCK SIDE TRANSPORTATION by personally delivering said Summons and Complaint to Mr. ROSE, as agent, authorized by appointment or law to receive process on behalf of Defendant at its place of business. (Id.). Proof of service by the Special Process Server was filed. (Id.).

9.    Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure provide that "a defendant shall serve an answer within 20 days after being served with the summons and complaint." Fed. R. Civ. P. §12(a)(1)(A) (2007). Upon failure of a defendant to serve the answer, the court may enter a default judgment against the defendant and in favor of the plaintiff. Fed R. Civ. P. §55.

10.    Defendants have not answered the complaint and the time for Defendants to answer the complaint has expired.

11.    In the present matter, Plaintiff is seeking detention charges accrued pursuant to an agreement between the parties and supported by invoices provided to Defendant which seek a determined amount.  This matter does not involve damages that must be estimated.  Plaintiff is entitled to a Default Judgment without the necessity of an inquest because the amount sought by Plaintiff is a sum certain or can otherwise be discerned by precise calculation.  Triestman v. Albany County Sheriff Dep't, Docket No. 93-CV-1397(TJM)(GJD), 1998 U.S. Dist. LEXIS 6578 (N.D.N.Y., January 21, 1998). See also, Combs v. Coal & Mineral Management Servs., Inc., 105 F.R.D. 472 (D.D.C. 1984)(no hearing is necessary if the amount of liability is capable of precise calculation, such as an amount appearing on the face of an instrument); Thorpe v. Thorpe, 124 U.S. App. D.C. 299 (D.D.C. 1966).

12.    This action seeks judgment for the liquidated amount of $19,700.00, plus costs, fees and disbursements, for a total of $20,114.95, as shown in the annexed statement of damages, which is justly due and owing, and no part of which has been paid.  (Ex. A, C).

13.    Defendant is not an infant or incompetent.

14.    Defendant ROSE is not an active member of the armed forces.  (Ex. F).

15.    No part of the judgment sought has been paid by Defendant, although duly demanded.

16.    The disbursements sought to be taxed have been made in this action or will necessarily be made herein.

WHEREFORE, Plaintiff requests the entry of Default and the entry of the annexed Judgment against Defendant.

Dated: New York, New York

August 20 , 2008

By: _____

Jorge A. Rodriguez (JR 2162)

Sworn to before me this

___20___ day of August, 2008

_____

Notary Public

GARTH S. WOLFSON
NOTARY PUBLIC
State of New York No. 02WO5075941
Qualified in New York County
Term Expires
4/28/2011

# Exhibit A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MEDITERRANEAN SHIPPING CO.
(USA) INC. and MEDITERRANEAN
SHIPPING CO. S.A.,

          Plaintiff(s),

    -against-

PATRICK ROSE and DOCK SIDE
TRANSPORTATION,

          Defendant(s).

**SUMMONS IN A CIVIL ACTION**

**08 CIV 4304**

**Case No. 08 CIV**

**TO**: (name and address of defendants)

PATRICK ROSE
627 Anderson Avenue
Wood Ridge, NJ 07075

DOCK SIDE TRANSPORTATION
627 Anderson Avenue
Wood Ridge, NJ 07075

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY
(name and address)

MAHONEY & KEANE, LLP
11 Hanover Square, Tenth Floor
New York, NY 10005
(212) 385-1422

an answer to the complaint which is served on you with this summons, within **twenty (20)** days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

MAY 0 7 2008

CLERK

DATE

DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDITERRANEAN SHIPPING CO.
(USA) INC. and MEDITERRANEAN
SHIPPING CO. S.A.,

                Plaintiff(s),

      -against-

PATRICK ROSE and DOCK SIDE
TRANSPORTATION,

             Defendant(s).

08-cv-_____



PLEASE TAKE NOTICE that Plaintiff(s), MEDITERRANEAN SHIPPING CO. (USA) INC. and MEDITERRANEAN SHIPPING CO. S.A., (collectively "MSC"), by their attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendant(s), PATRICK ROSE ("ROSE") and DOCK SIDE TRANSPORTATION ("DOCK SIDE"), allege, upon information and belief, as follows:

1.     This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's pendent, supplementary and ancillary jurisdiction.

2.     Plaintiff MEDITERRANEAN SHIPPING CO. (USA) INC. is a legal entity duly organized and existing pursuant to the laws of the State of New York.

3.     Plaintiff MEDITERRANEAN SHIPPING CO. S.A. is a legal entity duly organized and existing pursuant to the laws of a foreign country.

4.     Defendant DOCK SIDE TRANSPORTATION is a business entity organized and existing pursuant to the laws of the United States with offices and a place of business located at 627 Anderson Avenue, Wood Ridge, NJ 07075.

5.      Defendant PATRICK ROSE is a natural person conducting business through Defendant DOCK SIDE.

6.      Upon information and belief, Defendant DOCK SIDE is an entity wholly or partly owned by Defendant ROSE.

7.      Upon information and belief, Defendant ROSE uses Defendant DOCK SIDE as a conduit to pay its debts and obligations and is otherwise an alter ego of Defendant ROSE, and vice versa.

8.      Upon information and belief, DOCK SIDE is a shell corporation through which Defendant ROSE conducts business, and vice versa.

9.      Upon information and belief, DOCK SIDE has no separate, independent identity from Defendant ROSE, and vice versa.

10.     Upon information and belief, Defendant DOCK SIDE is the alter ego of Defendant ROSE because ROSE dominates and disregards DOCK SIDE's corporate form to the extent that ROSE is actually carrying on the business and operations of DOCK SIDE, as if they were his own, or vice versa.

11.     Upon information and belief, ROSE acts as a paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant DOCK SIDE and/or receives payments being made to Defendant DOCK SIDE, or vice versa.

12.     Upon information and belief, Defendants are affiliated to such extent that Defendant ROSE is now or will soon be holding assets belonging to Defendant DOCK SIDE, or vice versa.

13.     Upon information and belief Defendants are partners and/or joint venturers.

14.     Upon information and belief Defendant ROSE is a successor in interest to DOCK SIDE, and therefore responsible for any and all debts incurred in the course of DOCK SIDE's

business, including such debt underlying this Complaint, or vice versa.

15.     The United States District Court for the Southern District of New York is the proper venue for this action, as Plaintiff MSC resides and/or maintains a principal place of business in the Southern District of New York.

16.     Plaintiffs sue on their own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS

17.     Plaintiffs repeat and reiterate each and every allegation contained in paragraphs "1" through "16" as if specifically set forth herein at length.

18.     At all times relevant herein, Defendants were signatories to the Uniform Intermodal Interchange and Facilities Access Agreement (UIIA).

19.     At all times relevant herein, Defendants entered into agreements, service contracts, and other accords, with Plaintiffs, for the use, carriage, storage, handling, care and/or maintenance of containers belonging to Plaintiffs.

20.     Plaintiffs duly performed all duties and obligations required to be performed under the agreement.

21.     Defendants wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject agreement(s) by, *inter alia*, failing to return said containers to Plaintiffs, as required by the subject agreements between the parties.

22.     Defendants wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject agreement(s) by, *inter alia*, failing to pay demurrage, detention, port fees, tariffs and other associated costs.

23.     As a result of Defendants' breach of the subject agreements and Plaintiffs have

incurred, and will continue to incur, costs and expenses for which Defendants are liable under the terms of the agreements and at law.

24.     Plaintiffs have placed Defendants on notice of its claim that Defendants have breached the subject agreements and violated Plaintiffs' rights under the law.

25.     Despite Plaintiffs' repeated demands, Defendants has failed to pay the Plaintiffs' damages due and owing under the agreements and at law.

26.     By reason of the foregoing, Plaintiffs have sustained damages in the amount of $19,700.00 together with interest, costs, fees, and expenses.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS

27.     Plaintiffs repeat and reiterate each and every allegation contained in paragraphs "1" through "26" as if specifically set forth herein at length.

28.     Defendants have an account stated with the Plaintiffs.

29.     By reason of the foregoing, Plaintiffs have sustained damages in the amount of $19,700.00, together with interest, costs, fees, and expenses.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS

30.     Plaintiffs repeat and reiterate each and every allegation contained in paragraphs "1" through "29" as if specifically set forth herein at length.

31.     Plaintiffs are due from Defendants the quantum meruit of Plaintiffs' services.

WHEREFORE, Plaintiffs pray:

(A).    that judgment be entered in favor of Plaintiffs for an amount exceeding **nineteen thousand seven hundred dollars** $19,700.00, plus interest, fees, including attorneys' fees, costs, and disbursements;

(B).    that Court process be issued against the Defendants; and

(C).    that Plaintiffs be granted such other and further relief as the Court may deem just and proper.

Dated: New York, New York
    May _____, 2008

                        MAHONEY & KEANE, LLP
                        Attorneys for Plaintiffs
                        MEDITERRANEAN SHIPPING CO. (USA) INC.
                        and MEDITERRANEAN SHIPPING CO. S.A.


        By: _____
                        Jorge A. Rodriguez
                        11 Hanover Square, Tenth Floor
                        New York, New York 10005
                        Tel (212) 385-1422
                        Fax (212) 385-1605
                        Our File No. 12/3578/B/08/4

# Exhibit B

AO 440 (Rev. 10/93) Summons in a Civil Action          **RETURN OF SERVICE**

| | | |
|---|---|---|
| SERVICE OF: | **SUMMONS IN A CIVIL CASE, COMPLAINT** | |
| EFFECTED (1) BY ME: | **CHRISTOPHER OBIE** | |
| TITLE: | **PROCESS SERVER** | DATE: 05/10/2008  11:25AM |

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[X] Served personally upon the defendant:

PATRICK ROSE

Place where served:

27 ANDERSON AVE.  WOOD RIDGE NJ 07075

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

PATRICK ROSE

Relationship to defendant: SELF

Description of person accepting service:

SEX: M   AGE: 51-65   HEIGHT: 5'9"-6'0"   WEIGHT: OVER 200 LBS.   SKIN: WHITE   HAIR: GRAY   OTHER: BEARD

[ ] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

### STATEMENT OF SERVER

TRAVEL $ _____.____          SERVICES $ _____.____          TOTAL $ _____.____

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 05/10/2008

_____ L.S.
SIGNATURE OF CHRISTOPHER OBIE
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

05/10/08

JACQUELINE GONZALEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Dec. 7, 2010

| | |
|---|---|
| ATTORNEY: | JORGE A. RODROGUEZ, ESQ |
| PLAINTIFF: | MEDITERRANEAN SHIPPING CO USA INC., ET AL |
| DEFENDANT: | PATRICK ROSE , ET AL |
| VENUE: | NYDISTRICT |
| DOCKET: | 08 CV 4304 |

As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

TZ

AO 440 (Rev. 10/93) Summons in a Civil Action          **RETURN OF SERVICE**

| | |
|---|---|
| SERVICE OF: | **SUMMONS IN A CIVIL CASE, COMPLAINT** |
| EFFECTED (1) BY ME: | **CHRISTOPHER OBIE** |
| TITLE: | **PROCESS SERVER**          DATE: 05/10/2008  11:25AM |

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[  ] Served personally upon the defendant:

DOCK SIDE TRANSPORTATION

Place where served:

27 ANDERSON AVE.  WOOD RIDGE NJ 07075

[  ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

PATRICK ROSE

Relationship to defendant: AUTHORIZED AGENT

Description of person accepting service:

SEX: M    AGE: 51-65    HEIGHT: 5'9"-6'0"    WEIGHT: OVER 200 LBS.    SKIN: WHITE    HAIR: GRAY    OTHER: BEARD

[  ] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

---

**STATEMENT OF SERVER**

TRAVEL $ _____.____          SERVICES $ _____.____          TOTAL $ _____.____

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 05 / 10 / 20 08                    _____ L.S.
                                        SIGNATURE OF CHRISTOPHER OBIE
                                        GUARANTEED SUBPOENA SERVICE, INC.
                                        2009 MORRIS AVENUE
                                        UNION, NJ 07083

05/10/08

ADELINE GONZALEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Dec. 7, 2010

| | |
|---|---|
| ATTORNEY: | JORGE A. RODRIGUEZ, ESQ |
| PLAINTIFF: | MEDITERRANEAN SHIPPING CO. ( USA ) INC., ET AL |
| DEFENDANT: | PATRICK ROSE, ET AL |
| VENUE: | NYDISTRICT |
| DOCKET: | 08 CV 4304 |

As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDITERRANEAN SHIPPING CO.
(USA) INC. and MEDITERRANEAN
SHIPPING CO. S.A.,

                Plaintiff(s),

       -against-

PATRICK ROSE and DOCK SIDE
TRANSPORTATION,

            Defendant(s).

08-cv-04304-DLC

STATEMENT OF DAMAGES

Principal claim………………………………………………………… $19,700.00

Costs and Disbursements:

    Clerk's filing fee……………………………………………….. $350.00

    Process server fees……………………………………………. $64.95

Total…………………………………………………………………… $20,114.95

# Exhibit D

7/13/2007



**Mediterranean Shipping Company (USA) Inc.**
420 Fifth Avenue
New York, NY  10018 - 2709

Account Number: PDDOCK

Statement date: 7/13/2007

# Per diem statement.

| Account | Statement date | Outstanding |
|---------|---------------|-------------|
| PDDOCK | 7/13/2007 | $19,700.00 |

Dock Side Transportation
627 Anderson Ave.
Woodridge, New Jersey 07075

7/13/2007

Account Number: PDDOCK

Mediterranean Shipping Company (USA) Inc.

| Inv Date | Inv Number | Dr Amount | Cr Amount | # | Outstanding | 0-60 | 61-999 |
|---|---|---|---|---|---|---|---|
| 28-Nov-06 | NYC9061156461X | $720.00 | | | $720.00 | | $720.00 |
| 8-Nov-06 | NYC9061015854X | $1,980.00 | | | $1,980.00 | | $1,980.00 |
| 27-Sep-06 | NYC9060944636X | $720.00 | | | $720.00 | | $720.00 |
| 23-Aug-06 | NYC9060873383X | $1,080.00 | | | $1,080.00 | | $1,080.00 |
| 1-Aug-06 | NYC9060743254X | $160.00 | | | $160.00 | | $160.00 |
| 22-Jun-06 | NYC9060681202X | $6,340.00 | | | $6,340.00 | | $6,340.00 |
| 23-May-06 | NYC9060525035X | $8,700.00 | | | $8,700.00 | | $8,700.00 |
| Total: | | $19,700.00 | | | $19,700.00 | | $19,700.00 |

*Your account is seriously overdue. If payment is not made within ten days, your trucks will be restricted from further pickup without any further notice. If you have any questions concerning your account, please call Per Diem Department at 212 7644800.*

*If payment was made within the last 15 days, please disregard this notice.*

# Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDITERRANEAN SHIPPING CO.
(USA) INC. and MEDITERRANEAN
SHIPPING CO. S.A.,

                 Plaintiff(s),

    -against-

PATRICK ROSE and DOCK SIDE
TRANSPORTATION,

                 Defendant(s).

08-cv-04304-DLC

CLERK'S CERTIFICATE

      I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on May 7, 2008 with the filing of a summons and complaint, a copy of the summons and complaint was served on defendants PATRICK ROSE and DOCK SIDE TRANSPORTATION, by personally serving PATRICK ROSE, individually, and as agent for DOCK SIDE TRANSPORTATION, authorized by appointment and/or law to receive service of process, at defendants' place of business, and proof of such service thereof was filed on June 11, 2008.

      I further certify that the docket entries indicate that the defendants have not filed an answer or otherwise moved with respect to the complaint herein. The default of the defendants is hereby noted.

Dated: New York, New York

    July _1 2_, 2008

                            J. MICHAEL MCMAHON
                            Clerk of the Court

            By:

                            Deputy Clerk

# Exhibit F

# *Non-Military Affidavit*

State of New Jersey:

:SS

County of Union:

I, **Catherine Nisen**, of full age, being duly sworn according to law, deposes and says:

1. I am a licensed investigator for Spartan Detective Agency, Inc. and as such perform those duties related to the business of private detectives.

2. I am not a party to the action of **MEDITERRANEAN SHIPPING CO USA INC., ET AL** vs. **PATRICK ROSE , ET AL,**

with the Docket#: **08 CV 4304,**

in the Supreme Court of the State of New York, SOUTHERN DISTRICT OF NEW YORK Venue.

3. On **August 15, 2008** by using due diligence and inquiring of:

**Department of Defense - Manpower Data Center**

it was clearly established that: **PATRICK ROSE** whose address is:

**627 ANDERSON AVE     WOOD RIDGE  NJ  07075**

is not in the armed forces of the United States at the present time, nor has he/she been ordered to report for induction under the Selective Training and Service Act, its supplements and amendments.

Subscribed and Sworn to me this

15 day of *Aug*_____, 2008

Notary Signature *Jackeline Gonzalez*

_____
Name of Notary     Commission Expiration

JACKELINE GONZALEZ
OF NEW JERSEY
My Commission Expires Dec. 7, 2010

*Catherine Nisen*_____ L.S.

Attorney:     JORGE A. RODROGUEZ, ESQ
Firm:         MAHONEY & KEANE, LLP
Reference:  20080815122411

Department of Defense Manpower Data Center                                    AUG-15-2008 09:15:59



Military Status Report
Pursuant to the Servicemembers Civil Relief Act

| Last Name | First/Middle | Begin Date | Active Duty Status | Service/Agency |
|-----------|--------------|------------|--------------------|----------------|
| ROSE | PATRICK | Based on the information you have furnished, the DMDC does not possess any information indicating that the individual is currently on active duty. | | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Military.

*Mary M. Snavely-Dixon*

_____
Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

Department of Defense Manpower Data Center                                    AUG-15-2008 09:16:09



Military Status Report
Pursuant to the Servicemembers Civil Relief Act

| Last Name | First/Middle | Begin Date | Active Duty Status | Service/Agency |
|-----------|--------------|------------|--------------------|----------------|
| ROSE | PATRICK T. | | Based on the information you have furnished, the DMDC does not possess any information indicating that the individual is currently on active duty. | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Military.

*Mary M. Snavely-Dixon*

_____

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

# Exhibit G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDITERRANEAN SHIPPING CO.
(USA) INC. and MEDITERRANEAN
SHIPPING CO. S.A.,

                Plaintiff(s),

      -against-

PATRICK ROSE and DOCK SIDE
TRANSPORTATION,

                Defendant(s).

08-cv-04304-DLC

<u>DEFAULT JUDGMENT</u>
<u>AND ORDER</u>

      This action having been commenced on May 7, 2008 by the filing of the Summons and Complaint, and a copy of the Summons and Complaint in this action having been duly served on Defendant DOCK SIDE TRANSPORTATION ("DOCK SIDE"), on May 10, 2008, by personally delivering copies of said documents to PATRICK ROSE, Managing Agent, authorized by appointment and/or law to accept service on behalf of Defendant DOCK SIDE, at Defendant's principal place of business, and proof of service having been filed on June 11, 2008, and a copy of the Summons and Complaint in this action having been duly served on Defendant PATRICK ROSE, by personally delivering copies of said documents to Mr. ROSE, at his place of business, and proof of service having been filed on June 11, 2008, and said Defendants having failed to plead or otherwise defend this action, and the time for answering the Complaint having expired, it is,

      ORDERED, ADJUDGED and DECREED: That Plaintiffs have a judgment against Defendants in the liquidated amount of **$19,700.00**, the amount claimed, plus **$414.95** in costs,

disbursements and attorney fees, amounting in all to the sum of **$20,114.95,** and, that the Plaintiffs

have execution therefor.

Dated: New York, NY

_____, 2008

By: _____
U.S.D.J.