UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDITERRANEAN SHIPPING CO.
(USA) INC. and MEDITERRANEAN
SHIPPING CO. S.A.,

    Plaintiff(s),

  -against-

PATRICK ROSE and DOCK SIDE
TRANSPORTATION,

    Defendant(s).

08-cv-04304-DLC

ORDER TO SHOW CAUSE

MAHONEY & KEANE LLP
Attorneys for Plaintiffs MSC
11 Hanover Square – Tenth Floor
New York, NY 10005
Tel (212) 385-1422

PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of Plaintiffs MEDITERRANEAN SHIPPING CO. (USA) INC. and MEDITERRANEAN SHIPPING CO. S.A. (collectively "MSC"), in support of their Motion for Default against Defendants DOCK SIDE TRANSPORTATION and PATRICK ROSE for their failure to answer or otherwise defend Plaintiffs' claims, and granting Plaintiffs judgment for $20,114.95.

STATEMENT OF FACTS

For a complete version of the relevant facts please refer to Plaintiffs' Affidavit of Default.

ARGUMENT

THIS HONORABLE COURT MUST GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT BECAUSE DEFENDANT HAS FAILED TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS' CLAIMS.

Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure provide that "a defendant shall serve an answer within 20 days after being served with the summons and complaint." Fed. R. Civ. P. §12(a)(1)(A) (2007). Upon failure of a defendant to serve the answer, the court may enter a default judgment against the defendant and in favor of the plaintiff. Fed R. Civ. P. §55. A plaintiff is further entitled to a default judgment without the necessity of an inquest when the amount sought by said plaintiff is a sum certain or can otherwise be discerned by precise calculation. Triestman v. Albany County Sheriff Dep't, Docket No. 93-CV-1397(TJM)(GJD), 1998 U.S. Dist. LEXIS 6578 (N.D.N.Y., January 21, 1998). See also, Combs v. Coal & Mineral Management Servs., Inc., 105 F.R.D. 472 (D.D.C. 1984)(no hearing is necessary if the amount of liability is capable of precise calculation, such as an amount appearing on the face of an instrument); Thorpe v. Thorpe, 124 U.S. App. D.C. 299 (D.D.C. 1966).

In the present matter, Plaintiff commenced an action against Defendant, seeking payment for unpaid detention charges. (Aff. of Default at Ex. A). On May 10, 2008, service of process was effected on Defendant PATRICK ROSE by personally delivering a copy of the Summons and Complaint to Mr. ROSE at his place of business. (Id. at Ex. B). A copy of the Summons and Complaint was, likewise, served on Defendant DOCK SIDE TRANSPORTATION by personally delivering said Summons and Complaint to Mr. ROSE, as agent, authorized by appointment or law to receive process on behalf of Defendant DOCK SIDE TRANSPORTATION at its place of business. (Id.). Defendants' time to answer the Complaint has expired. As of today, no answer has been forthcoming from Defendants.

Furthermore, Plaintiffs are seeking a sum certain of unpaid detention charges, capable of precise calculation. (Id. at Ex. C, E). As such, the Court may proceed to issue a default judgment without the necessity of an inquest.

CONCLUSION

WHEREFORE, Plaintiffs, MEDITERRANEAN SHIPPING CO. (USA) INC. and MEDITERRANEAN SHIPPING CO. S.A. respectfully request

(1) That this Honorable Court issue an Order granting Plaintiffs' Motion for Default;

(2) That the Court enter a judgment in favor of Plaintiffs for $20,114.95, constituting the amount demanded, as well as costs and disbursements for this action; and

(2) For any other and further relief as this Court may deem proper.

Dated: New York, New York

August 20, 2008

                        MAHONEY & KEANE, LLP
                        Attorneys for Plaintiffs
                        MEDITERRANEAN SHIPPING CO. (USA) INC.
                        and MEDITERRANEAN SHIPPING CO. S.A.

By: _____
                        Jorge A. Rodriguez
                        11 Hanover Square, Tenth Floor
                        New York, New York 10005
                        Tel (212) 385-1422
                        Fax (212) 385-1605
                        Our File No. 12/3578/B/08/4